**STERN & KILCULLEN, LLC**
Jeffrey Speiser, Esq.
Andrew S. Bosin, Esq.
Michael Dinger, Esq.
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-1900

**STARNES & ATCHISON LLP**
Walter William Bates, Esq. (*pro hac vice*)
Jay M. Ezelle, Esq. (*pro hac vice*)
100 Brookwood Place
P.O. Box 598512
Birmingham, Alabama 35209
(205) 868-6000

Attorneys for defendants ProAssurance Corporation,
ProAssurance Casualty Company, and ProAssurance
Indemnity Company, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERGENCY PHYSICIANS OF ST. CLARE'S, LLC, MERCER BUCKS ORTHOPEDICS, PC, and PASCACK EMERGENCY SERVICES,<br><br>On behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>PROASSURANCE CORPORATION, PROASSURANCE CASUALTY COMPANY, and PROASSURANCE INDEMNITY COMPANY, INC.,<br><br>    Defendants. | Civil Action No. 09-cv-6244-WJM-MF<br><br>**DECLARATION OF MICHAEL DINGER**<br><br>**Motion Date: March 15, 2010**<br>**Oral Argument Requested**<br><br>**[Filed Electronically]** |

1. I am an associate in the firm Stern & Kilcullen, LLC, counsel for defendants ProAssurance Corporation, ProAssurance Casualty Company, and ProAssurance Indemnity Company, Inc.

2. A copy of the cover page from the professional liability policy between ProNational Insurance Company and Emergency Physicians of Saint Clare's LLC and the page containing the policy's arbitration provision are attached hereto as **Exhibit A**.

3. A copy of the cover page from the professional liability policy between ProNational Insurance Company and Mercer-Bucks Orthopaedics PC and the page containing the policy's arbitration provision are attached hereto as **Exhibit B**.

4. A copy of the cover page from the professional liability policy between ProNational Insurance Company and Pascack Emergency Services PA and the page containing the policy's arbitration provision are attached hereto as **Exhibit C**.

5. A copy of a letter dated April 20, 2005 from ProNational Insurance Company to the New Jersey Division of Insurance (with ProNational's FEIN number redacted) is attached hereto as **Exhibit D**.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 18, 2010

_____
Michael Dinger

**EXHIBIT A**

# HEALTH CARE PROFESSIONAL LIABILITY POLICY
## COVER PAGE

**THIS POLICY CONTAINS COVERAGES WRITTEN ON A "MODIFIED CLAIMS-MADE" BASIS.**

In consideration of the payment of the premium, and in reliance upon the statements and representations in the applications for insurance and the **Coverage Summary, we** agree to provide the insurance contained in the **policy.**

**THE COMPANY**: ProNational Insurance Company

**POLICYHOLDER:** Emergency Physicians of Saint Clare's LLC
PO Box 1246
Denville, NJ 07834

**AGENT:** MBS Insurance Services Inc
One Indian Road Second Floor
Denville, NJ 07834

**POLICY NUMBER: CP1670**

The **policy** consists of this **Cover Page** and the following forms (together with any endorsements issued from time to time).

| Title | Form Number |
|---|---|
| Coverage Summary | PRA-HCP-020-07 02 |
| Healthcare Professional Liability Policy | PRA-HCP-030-06 02 |
| Professional Legal Defense Coverage Part-Extended Form | PRA-HCP-071-06 02 |
| Name Schedule Endorsement | PRA-HCP-121-07 02 |
| Part-time Endorsement | PRA-HCP-200-07 02 |
| Restrictive Endorsement | PRA-HCP-202-07 02.NJ |
| Insured Paramedical Employee Shared Limit Endorsement | PRA-HCP-303-06 02 |
| Renewal Endorsement | PRA-HCP-500-06 02 |
| New Jersey State Law Endorsement | PRA-HCP-606-07 02.NJ |

If any provision of the **policy** changes, **we** will issue an endorsement stating the effective date of any changes. Terms appearing in the **policy** in **bold face print** are defined in the Definitions section.

IN WITNESS WHEREOF, we have caused the **Cover Page** to be signed by **our** President and Secretary. The **policy** is effective only if countersigned on the **Coverage Summary** by **our** duly authorized representative.

*Kathryn A. Neville*

Kathryn A. Neville, JD, CPCU
Secretary

*Victor T. Adamo*

Victor T. Adamo, JD, CPCU
President and CEO

### XII. FRAUD AND MISREPRESENTATIONS

By acceptance of this **policy**, all **insureds** agree that the statements in the **Coverage Summary** and in their respective applications or renewal applications for insurance are their agreements and representations, that this **policy** is issued in reliance upon the truth of such representations, and that this **policy** embodies all agreements existing between themselves and **us** or any of **our** agents relating to this insurance. In the event of any fraud, material misrepresentation or omission by any **insured** in any application or renewal application for insurance, this **policy** is void as to the party committing such fraud, material misrepresentation or omission, no coverage is afforded to such party hereby, and such party shall have no right to purchase a **Reporting Endorsement**.

### XIII. ARBITRATION

Both the **insureds** and **we** acknowledge that this agreement evidences a transaction involving interstate commerce. Any dispute, claim or controversy arising out of, relating to or in connection with this **policy**, its subject matter or its negotiation, as to the existence, validity, interpretation, performance, non-performance, enforcement, operation, breach of contract, breach of warranty, continuance or termination thereof or any claim alleging fraud, deceit, or suppression of any material fact or breach of fiduciary duty shall be submitted to binding arbitration in accordance with Title 9 U.S.C. § 1 et seq. (The United States Arbitration Act) and the Commercial Arbitration Rules of the American Arbitration Association. Such arbitration proceedings may be initiated by either party by notice in writing to the other and to the American Arbitration Association. Each party to arbitration shall bear its own arbitration costs and expenses. However, in the event any party is required to file a petition or commence any such other proceeding to compel arbitration, the arbitrator may award that party reasonable attorney's fees and costs incurred in having to bring such action. The arbitrator shall have the discretion to order a pre-hearing exchange of information by the parties, including, without limitation, production of requested documents, exchanging of summaries of testimony of proposed witnesses, and examination by deposition of parties. Notwithstanding contrary state law or regulation, the arbitrator shall have the authority to award any remedy or relief allowed under the provisions of the United States Arbitration Act, including, without limitation, specific performance of any obligation created under this **policy**, the awarding of punitive damages, the issuance of an injunction, or the imposition of sanctions for abuse or frustration of the arbitration process. Any arbitration award shall be in writing and shall specify the factual and legal bases of the award. Judgment on the award rendered by the arbitrator shall be final and may be entered in any court having jurisdiction thereof. The provisions hereof shall be a complete defense to any suit, action, or proceeding in any federal, state or local court or before any administrative tribunal with respect to any dispute, claim or controversy arising under this **policy**.

If **we** maintain an office in the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located, the arbitration shall proceed in any county in which **we** maintain such office in such state. If **we** do not maintain an office in the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located, the arbitration shall proceed in the county that includes the capital of the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located.

### XIV. GOVERNING LAW

This **policy** shall be construed, and the legal relations between **us** and the **insureds** (and anyone claiming under the **insureds**) shall be determined, in accordance with the laws of the state in which the address of the **policyholder**, as specified in the **Coverage Summary**, is located, except that the Federal Arbitration Act (Title 9 of the United States Code) shall apply to the rights and obligations of the parties to submit any dispute, claim or controversy arising under this **policy** to arbitration, as provided in Section XIII above.

**EXHIBIT B**

# HEALTH CARE PROFESSIONAL LIABILITY POLICY
# COVER PAGE

> THIS POLICY CONTAINS COVERAGES WRITTEN ON A "MODIFIED CLAIMS-MADE" BASIS.

In consideration of the payment of the premium, and in reliance upon the statements and representations in the applications for insurance and the **Coverage Summary, we** agree to provide the insurance contained in the **policy.**

**THE COMPANY:** ProNational Insurance Company

**AGENT:** CLA Insurance
CLA Building
2 Campus Blvd
Newtown Square, PA 19073

**POLICYHOLDER:** Mercer-Bucks Orthopaedics Pc
3120 Princeton Pike
Lawrenceville, NJ 08648

**POLICY NUMBER: MP41275**

The **policy** consists of this **Cover Page** and the following forms (together with any endorsements issued from time to time).

| Title | Form Number |
|---|---|
| Coverage Summary | PRA-HCP-020-07 02 |
| Healthcare Professional Liability Policy | PRA-HCP-030-06 02 |
| Professional Legal Defense Coverage Part - Extended Form | PRA-HCP-071-06 02 |
| Part-Time Endorsement | PRA-HCP-200-07 02 |
| Shared Limit Endorsement Insured Paramedical Employees | PRA-HCP-303-06 02 |
| Renewal Endorsement | PRA-HCP-500-06 02 |
| New Jersey State Law Endorsement | PRA-HCP-606-07 02.NJ |

If any provision of the **policy** changes, **we** will issue an endorsement stating the effective date of any changes. Terms appearing in the **policy** in **bold face print** are defined in the Definitions section.

IN WITNESS WHEREOF, **we** have caused the **Cover Page** to be signed by **our** President and Secretary. The **policy** is effective only if countersigned on the **Coverage Summary** by **our** duly authorized representative.

*Kathryn A. Neville*
Kathryn A. Neville, JD, CPCU
Secretary

*Victor T. Adamo*
Victor T. Adamo, JD, CPCU
President and CEO

adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

## XI. RENEWAL OF POLICY

Neither the **policyholder** nor **we** have any obligation to renew this **policy**. Any renewal will be on the policy forms and endorsements then in effect. If **we** elect not to renew this **policy**, or coverage of any **insured** thereunder, notice of nonrenewal shall be given in accordance with applicable state law.

## XII. FRAUD AND MISREPRESENTATIONS

By acceptance of this **policy**, all **insureds** agree that the statements in the **Coverage Summary** and in their respective applications or renewal applications for insurance are their agreements and representations, that this **policy** is issued in reliance upon the truth of such representations, and that this **policy** embodies all agreements existing between themselves and **us** or any of **our** agents relating to this insurance. In the event of any fraud, material misrepresentation or omission by any **insured** in any application or renewal application for insurance, this **policy** is void as to the party committing such fraud, material misrepresentation or omission, no coverage is afforded to such party hereby, and such party shall have no right to purchase a **Reporting Endorsement**.

## XIII. ARBITRATION

Both the **insureds** and **we** acknowledge that this agreement evidences a transaction involving interstate commerce. Any dispute, claim or controversy arising out of, relating to or in connection with this **policy**, its subject matter or its negotiation, as to the existence, validity, interpretation, performance, non-performance, enforcement, operation, breach of contract, breach of warranty, continuance or termination thereof or any claim alleging fraud, deceit, or suppression of any material fact or breach of fiduciary duty shall be submitted to binding arbitration in accordance with Title 9 U.S.C. § 1 et seq. (The United States Arbitration Act) and the Commercial Arbitration Rules of the American Arbitration Association. Such arbitration proceedings may be initiated by either party by notice in writing to the other and to the American Arbitration Association. Each party to arbitration shall bear its own arbitration costs and expenses. However, in the event any party is required to file a petition or commence any such other proceeding to compel arbitration, the arbitrator may award that party reasonable attorney's fees and costs incurred in having to bring such action. The arbitrator shall have the discretion to order a pre-hearing exchange of information by the parties, including, without limitation, production of requested documents, exchanging of summaries of testimony of proposed witnesses, and examination by deposition of parties. Notwithstanding contrary state law or regulation, the arbitrator shall have the authority to award any remedy or relief allowed under the provisions of the United States Arbitration Act, including, without limitation, specific performance of any obligation created under this **policy**, the awarding of punitive damages, the issuance of an injunction, or the imposition of sanctions for abuse or frustration of the arbitration process. Any arbitration award shall be in writing and shall specify the factual and legal bases of the award. Judgment on the award rendered by the arbitrator shall be final and may be entered in any court having jurisdiction thereof. The provisions hereof shall be a complete defense to any suit, action, or proceeding in any federal, state or local court or before any administrative tribunal with respect to any dispute, claim or controversy arising under this **policy**.

If **we** maintain an office in the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located, the arbitration shall proceed in any county in which **we** maintain such office in such state. If **we** do not maintain an office in the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located, the arbitration shall proceed in the county that includes the capital of the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located.

## XIV. GOVERNING LAW

This **policy** shall be construed, and the legal relations between **us** and the **insureds** (and anyone claiming under the **insureds**) shall be determined, in accordance with the laws of the state in which the address of the **policyholder**, as specified in the **Coverage Summary**, is located, except that the Federal Arbitration Act (Title 9 of the United States Code) shall apply to the rights and obligations of the parties to submit any dispute, claim or controversy arising under this **policy** to arbitration, as provided in Section XIII above.

**EXHIBIT C**

# HEALTH CARE PROFESSIONAL LIABILITY POLICY
## COVER PAGE

**THIS POLICY CONTAINS COVERAGES WRITTEN ON A "MODIFIED CLAIMS-MADE" BASIS.**

In consideration of the payment of the premium, and in reliance upon the statements and representations in the applications for insurance and the **Coverage Summary**, **we** agree to provide the insurance contained in the **policy**.

**THE COMPANY:** ProNational Insurance Company

**POLICYHOLDER:** Pascack Emergency Services PA
11 Willis Drive
Closter NJ 07624

**AGENT:** CLA Insurance
CLA Building-2 Campus Blvd
Newtown Square PA  19073

**POLICY NUMBER:** CP1692

The **policy** consists of this **Cover Page** and the following forms (together with any endorsements issued from time to time).

| Title | Form Number |
|---|---|
| Coverage Summary | PRA-HCP-020-07 02 |
| Healthcare Professional Liability Policy | PRA-HCP-030-06 02 |
| Professional Legal Defense Coverage Part-Extended Form | PRA-HCP-071-06 02 |
| Name Schedule Endorsement | PRA-HCP-121-07 02 |
| Part-time Endorsement | PRA-HCP-200-07 02 |
| Limitation of Prior Acts Coverage Endorsement | PRA-HCP-201-07 02 |
| Restrictive Endorsement | PRA-HCP-202-07 02.NJ |
| Restrictive Endorsement | PRA-HCP-202-07 02.NJ |
| Sharing Organization Shared Limit Endorsement | PRA-HCP-302-06 02 |
| Insured Paramedical Employee Shared Limit Endorsement | PRA-HCP-303-06 02 |
| Renewal Endorsement | PRA-HCP-500-06 02 |
| New Jersey State Law Endorsement | PRA-HCP-606-07 02.NJ |

If any provision of the **policy** changes, **we** will issue an endorsement stating the effective date of any changes. Terms appearing in the **policy** in **bold face print** are defined in the Definitions section.

IN WITNESS WHEREOF, **we** have caused the **Cover Page** to be signed by **our** President and Secretary. The **policy** is effective only if countersigned on the **Coverage Summary** by **our** duly authorized representative.

*Kathryn A. Neville*
Kathryn A. Neville, JD, CPCU
Secretary

*Victor T. Adamo*
Victor T. Adamo, JD, CPCU
President and CEO

PRA-HCP-010 06 02          Health Care Professional Liability Policy Cover Page          Page 1
©2002 ProNational Insurance Company

10/27/2005 05:12 PM

## XII. FRAUD AND MISREPRESENTATIONS

By acceptance of this **policy**, all **insureds** agree that the statements in the **Coverage Summary** and in their respective applications or renewal applications for insurance are their agreements and representations, that this **policy** is issued in reliance upon the truth of such representations, and that this **policy** embodies all agreements existing between themselves and **us** or any of **our** agents relating to this insurance. In the event of any fraud, material misrepresentation or omission by any **insured** in any application or renewal application for insurance, this **policy** is void as to the party committing such fraud, material misrepresentation or omission, no coverage is afforded to such party hereby, and such party shall have no right to purchase a **Reporting Endorsement**.

## XIII. ARBITRATION

Both the **insureds** and **we** acknowledge that this agreement evidences a transaction involving interstate commerce. Any dispute, claim or controversy arising out of, relating to or in connection with this **policy**, its subject matter or its negotiation, as to the existence, validity, interpretation, performance, non-performance, enforcement, operation, breach of contract, breach of warranty, continuance or termination thereof or any claim alleging fraud, deceit, or suppression of any material fact or breach of fiduciary duty shall be submitted to binding arbitration in accordance with Title 9 U.S.C. § 1 et seq. (The United States Arbitration Act) and the Commercial Arbitration Rules of the American Arbitration Association. Such arbitration proceedings may be initiated by either party by notice in writing to the other and to the American Arbitration Association. Each party to arbitration shall bear its own arbitration costs and expenses. However, in the event any party is required to file a petition or commence any such other proceeding to compel arbitration, the arbitrator may award that party reasonable attorney's fees and costs incurred in having to bring such action. The arbitrator shall have the discretion to order a pre-hearing exchange of information by the parties, including, without limitation, production of requested documents, exchanging of summaries of testimony of proposed witnesses, and examination by deposition of parties. Notwithstanding contrary state law or regulation, the arbitrator shall have the authority to award any remedy or relief allowed under the provisions of the United States Arbitration Act, including, without limitation, specific performance of any obligation created under this **policy**, the awarding of punitive damages, the issuance of an injunction, or the imposition of sanctions for abuse or frustration of the arbitration process. Any arbitration award shall be in writing and shall specify the factual and legal bases of the award. Judgment on the award rendered by the arbitrator shall be final and may be entered in any court having jurisdiction thereof. The provisions hereof shall be a complete defense to any suit, action, or proceeding in any federal, state or local court or before any administrative tribunal with respect to any dispute, claim or controversy arising under this **policy**.

If **we** maintain an office in the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located, the arbitration shall proceed in any county in which **we** maintain such office in such state. If **we** do not maintain an office in the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located, the arbitration shall proceed in the county that includes the capital of the state in which the address of the **policyholder** (as specified in the **Coverage Summary**) is located.

## XIV. GOVERNING LAW

This **policy** shall be construed, and the legal relations between **us** and the **insureds** (and anyone claiming under the **insureds**) shall be determined, in accordance with the laws of the state in which the address of the **policyholder**, as specified in the **Coverage Summary**, is located, except that the Federal Arbitration Act (Title 9 of the United States Code) shall apply to the rights and obligations of the parties to submit any dispute, claim or controversy arising under this **policy** to arbitration, as provided in Section XIII above.

**EXHIBIT D**

REDACTED



**ProNational**
INSURANCE COMPANY
— A ProAssurance Company

ProNational Insurance Company

205/877-4400
800/282-6242
Fax 205/802-4799
www.ProNational.com

April 20, 2005

Ms. Carmen M. Williams
Insurance Analyst
New Jersey Division of Insurance
20 West State Street
Trenton, NJ 08625-0325

> NJDOBI - Acknowledgment
> Property Casualty Office
> Analyst _Carmen Williams_
> (609) 984-7310  x _50365_
> Dept File # _05-874_
> Deemer Date _____

RE: ProNational Insurance Company
FEIN
Physicians, Surgeons, Dentists, Podiatrists, Allied Health Professionals,
Groups Medical Professional Liability
Rules Filing

Dear Ms. Williams:

I submit for your review and approval the revisions to the rules in the underwriting manual for the captioned program. This filing is being submitted under the use and file regulation; therefore, I request the effective date of April 1, 2005.

While many of the rules have been clarified, some of the more substantive changes include:

1. Radiology – Interventional, 80360, has been added to the specialty codes on page 8 and assigned to class 6.
2. Radiology Diagnostic No Surgery, 80253, remains in class 4.
3. Radiology Diagnostic Minor Surgery, 80280, has been reassigned from class 5 to class 6.
4. Removing the General State Exceptions and placing them in the State Exceptions for the appropriate specialties.
5. Replacing the entire Risk Mapping Program with Hospital Based Discount Programs.

In addition to the final version of the manual, I have enclosed a copy of the manual with marked revisions. If this filing is acceptable, please return one copy of filing with your stamp of approval in the postage paid envelope that is enclosed for your convenience. If you have any questions regarding this filing, please contact me at (800) 282-6242, ext. 4426, or e-mail me at lgoodwin@proassurance.com.

Sincerely,

LaQuita B. Goodwin
Compliance Specialist

Enclosures

100 Brookwood Place, Suite 500, Birmingham, AL 35209  •  P.O. Box 590009, Birmingham, AL 35259-0009